## PRIORITIES AS BETWEEN ATTACHMENTS.

Municipal Court of Cleveland.

JACK MALKEY v. EDWIN D. RUGGLES.

Decided April 5, 1923.

*Attachments and Executions—Pro-rating of Attachments Forbidden— Construction of Section* 11665, *Relating to Preferences between Executions.*

An attachment is subject to prior attachments and executions levied against the same property, and is prior to subsequent attachments and executions levied on the same property.

Dempsey, Ch. J., Selzer and Greene, JJ., sitting in bank.

This matter comes before the court on a motion to determine priorities of liens upon proceeds of the sale of an automobile upon a judgment in the above entitled action.

On December 8th, 1922, one Edna G. Moore, obtained a judgment against the defendant in cause No. 220734 for $2,011.66. On December 20th an execution was issued upon said judgment which was received by the bailiff on December 21st and levied upon Locomobile touring car No. 14222.

On December 22d, 1922, this action was instituted and an order of attachment was issued. Pursuant thereto the bailiff seized Locomobile touring car No. 14745, property of the defendant which had been left with the plaintiff as security for the

claim sued upon and was brought by the plaintiff into the jurisdiction of the court for the purpose of the attachment by previous arrangement with the bailiff. Judgment was rendered in this action on February 27th, 1923, and the attachment was sustained.

A few days after the seizure of the first car above mentioned, a third party filed a claim against the same, and a trial of right of property was had which resulted in a finding for the third party, and the automobile was released from the lien of the execution.

The plaintiff in the first case, Edna G. Moore, claims that under the provision of Section 11665 of the General Code the writ of execution had priority over the writ of attachment. We can not concur in this view. Under the provisions of the General Code an attachment is a lien from the time of seizure and if there are several attachments they take priority in such order. Section 11825 requires execution of several orders of attachment in the order in which they are received. Section 11835 provides that an attachment on personal property is subject to any previous attachment. Section 11837 provides that "an order of attachment shall bind the property attached from the time of service." It will be seen, therefore, that pro-rating of attachments is forbidden and if an attachment were to be considered an execution so that Section 11665 would apply to attachments, it would be necessary that attachments as well as executions pro-rate if the judgments are rendered at the same term of court. It is apparent that such was not the intention of the Legislature. On the other hand, an attachment is subject to prior executions levied upon the same property.

The court finds, therefore, that an attachment is subject to prior attachments and executions levied against the same property, and is prior to subsequent attachments and executions and that the proceeds of the sale of the Locomobile should be applied by the bailiff—first, to the payment of costs of the action, and then to the claim of the plaintiff, Malkey.